IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

VERNON E. CREWS,

    Petitioner,

v.                                    CIVIL ACTION NO.: CV614-033

STAN SHEPHERD, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Vernon Crews ("Crews"), who is currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in Emanuel County Superior Court. Respondent filed a Motion to Dismiss. Crews failed to file a Response, despite being granted an extension of time to do so. (Doc. No. 14). For the reasons which follow, Respondent's Motion should be **GRANTED** and Crews' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Crews was convicted in February 2003, after a jury trial, of four (4) counts of child molestation and one (1) count of aggravated sodomy. Crews was sentenced to a total of 55 years' imprisonment. The Georgia Court of Appeals affirmed Crews' convictions and sentences in September 2004. Crews v. State, 269 Ga. App. 814, 605 S.E.2d 381 (2004).

Crews filed a petition for writ of habeas corpus in the Savannah Division of this Court in November 2011, Crews v. Toole, CV411-277. In that petition, Crews set forth 44 enumerations of error, including his assertion that a juror was dismissed improperly. United States Magistrate Judge G.R. Smith recommended that Crews' petition be dismissed as untimely. The Honorable William T. Moore, Jr., adopted this recommendation as the opinion of the Court. (CV411-277, Doc. Nos. 15, 20).

In this petition, Crews alleges that the trial court changed the composition of the jury by dismissing a juror improperly, and his trial counsel was ineffective for failing to object to the trial judge's action. Respondent alleges that Crews' petition is a second or successive petition, and this Court lacks jurisdiction to entertain Crews' petition.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent avers this Court lacks jurisdiction under the "gatekeeping provision" of 28 U.S.C. § 2244(b), which governs successive petitions. Respondent alleges Crews has failed to obtain or even seek authorization from the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a second or successive petition. Respondent also alleges it is not necessary to transfer this case to the Eleventh Circuit for a determination of whether he should be granted authorization to proceed in this second or successive petition because Crews' petition is time-barred under 28 U.S.C. § 2244(d).

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of

2

appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Crews has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[1] While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case. Crews' petition is barred under the

---

[1] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Crews' petition filed with this Court in November 2011 was dismissed as being untimely filed as noted above, and thus, is a dismissal with prejudice. See Rodriguez v. Fla. Dep't of Corr., 748 F.3d 1073, 1084 (11th Cir. 2014) (concurrence).

3

gatekeeping provision of section 2244(b)(3)(A). Crews' petition should be dismissed, as Crews previously brought his claim in his first § 2254 petition. 28 U.S.C. § 2244(b)(1). In addition, Crews' petition was untimely filed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED,** and that Crews' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as a second or successive petition.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of July, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)